HANK G. GREENBLATT, ESQ. / SBN: 143415
WILLIAM R. FINKLE, ESQ. / SBN: 363742
**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**
20 Bicentennial Circle
Sacramento, CA 95826
Telephone: (916) 379-3500
Facsimile: (916) 379-3599
DBBWC-ESERVICE@dbbwc.com
wfinkle@dbbwc.com
*Attorneys for Plaintiff Teagan Briggs*

Carol B. Lewis (SBN 130188)
**CROWELL & MORING LLP**
515 S. Flower Street, 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690
CLewis@crowell.com

*Attorney for Defendants*
*Blue Cross and Blue Shield of Nebraska, Inc.*
*and The Scoular Company Health Benefits Plan*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEAGAN BRIGGS,<br><br>Plaintiff,<br><br>v.<br><br>THE SCOULAR COMPANY HEALTH BENEFITS PLAN and BLUE CROSS BLUE SHIELD OF NEBRASKA, INC.,<br><br>Defendants. | Case No.: 2:26-cv-00399-TLN-JDP<br><br>**~~[PROPOSED]~~ JOINT STIPULATED PROTECTIVE ORDER**<br><br>First Amended Complaint filed: 4/22/26<br><br>District Judge Troy L. Nunley<br>Magistrate Judge Jeremy D. Peterson |

**1. Purposes and Limitations**

Disclosure and discovery activity in this litigation are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff Teagan Briggs ("Plaintiff") and Defendants The Scoular Company and Blue Cross and Blue Shield of Nebraska ("Defendants") (collectively, the "Parties"), by and through their counsel of record, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protection on all disclosures or discovery responses and that the protection afforded from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 12.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; E.D. Cal. Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**2. Definitions**

**2.1 Challenging Party:** A Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" under this Stipulated Protective Order.

**2.2 "CONFIDENTIAL" Information or Items:** Any document, or any portion thereof, or any other tangible thing, material, testimony, or other information (regardless of how it is generated, stored or maintained) designated as "CONFIDENTIAL" by the Designating Party that is not already in the possession of the Receiving Party, are not publicly available, and qualify for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, information the Designating Party reasonably and in good faith

believes is entitled to confidential treatment under applicable law regarding confidential business, privacy information, non-public financial or business information, or protected health information, individually identifiable information, or any other private health or personal information protected from disclosure under the Health Insurance Portability and Accountability Act of 1996 (“HIPAA”), 45 C.F.R. Parts 160 and 164, California Health & Safety Code § 1280.15, the California Confidentiality of Medical Information Act., Cal. Civ. Code § 56*, et seq*, or the Lanterman-Petris-Short Act, Welfare & Institutions Code § 5000, *et seq.*, which the Designating Party is prohibited from revealing or would not normally reveal to a third party except in confidence, or has undertaken with others to maintain in confidence.

**2.3** **Counsel (without qualifier):** Attorneys of record for the undersigned Parties in the proceeding, including outside counsel of record and in-house (and their affiliated attorneys and employees, including the paralegal, clerical, and secretarial staff employed by such counsel).

**2.4** **Designating Party:** A Party or Non-Party that designates information or items as “CONFIDENTIAL” under this Stipulated Protective Order.

**2.5** **Disclosure or Discovery Material:** Any document or any other tangible thing, material, testimony, or other information, regardless of the medium or manner in which it is generated, stored, or maintained that is produced or generated in disclosures or discovery responses in this action.

**2.6** **Expert:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or their counsel to serve as an expert witness or as a consultant in this action.

**2.7** **In-House Counsel:** Attorneys who are employees of a Party to this action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.8 Non-Party:** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.9 Outside Counsel of Record:** Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**2.10 Party:** Any Party to this action, including all of their officers, directors, employees, consultants, retained experts, and Outside Counsel of Record if a corporate Party (and their affiliated attorneys and employees, including the paralegal, clerical, and secretarial staff employed by such counsel).

**2.11 Producing Party:** A Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12 Professional Vendor:** A person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13 Protected Material:** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under this Stipulated Protective Order.

**2.14 Receiving Party:** A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. Scope**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the

public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. <u>Duration</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. <u>Designating Protected Material</u>**

**5.1 Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information, documents, or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that any other portion of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*,

to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on another Party) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information, documents, or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify the other Party that it is withdrawing the mistaken designation.

**5.2 Manner and Timing of Designations.** Except as otherwise provided in this Stipulated Protective Order (*see, e.g.,* Paragraph 5.2(a) below), or as otherwise stipulated and ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding deposition transcripts or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before

producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) For information produced in some form other than documentary and for any other tangible item, that the Producing Party affix in a prominent place on the exterior of the container(s) in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3 Inadvertent Failure to Designate.** If timely corrected, an inadvertent failure to designate qualified information, documents, or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**6. <u>Challenging Confidentiality Designations</u>**

**6.1 Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive their right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2 Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation they are challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific provision of the Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for their belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if they have engaged in this meet-and-confer process first or establish that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

**6.3 Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to remove confidentiality under E.D. Cal. Local Rule 230 and 250 (and in compliance with E.D. Cal. Local Rule 140, if applicable) within fourteen (14) days of the Parties agreeing that the meet-and-confer process will not resolve their dispute, unless the Parties agree in writing to a longer time. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in Paragraph 6.2. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by Paragraph 6.2.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on another Party) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to oppose a motion to remove confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. Access To and Use of Protected Material**

**7.1 Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Paragraph 14 ("Final Disposition") below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document, or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this action and their affiliated attorneys and employees, including the paralegal, clerical and secretarial staff of such counsel's law firm who are actively involved in this action; provided, however, that each non-lawyer given access to "CONFIDENTIAL" information and items shall be advised that such

materials are being disclosed pursuant to, and are subject to the terms of this Stipulated Protective Order;

(b) The officers, directors, and employees (including In-House Counsel and the paralegal, clerical and secretarial staff employed by such counsel) of the Receiving Party, if a corporate Party, that Counsel for such Party reasonably deems necessary to aid Counsel in the prosecution and defense of this action; provided, however, that prior to the disclosure to any such officers, directors, and employees, Counsel for the Party making the disclosure shall deliver a copy of this Stipulated Protective Order to such person, explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in Paragraph 2.6) or trial consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Professional Vendors (as defined in Paragraph 2.12) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) The Court, the Court's staff and personnel participating in the proceeding.

(f) Court reporters and their staff in the Proceeding (whether at depositions, hearings or any other proceeding);

(g) Stenographers and videographers engaged to transcribe or record depositions conducted in the proceeding provided that such individuals given access to "CONFIDENTIAL" information and items shall be advised that such materials are being disclosed pursuant to, and are subject to the terms of

this Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms;

(h) During deposition, any witness in the action to whom disclosure is reasonably necessary and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of the transcribed deposition testimony or exhibits to the deposition that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) The author or recipient of a document containing the information or a custodian, any person who was involved directly in the preparation of the documentation or information, or any other person who otherwise possessed or knew the information; and

(j) Any other person as hereafter may be designated by written agreement of the Parties or by order of the Court.

**8. Protected Material Subpoenaed or Ordered Produced In Other Litigation**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of their confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

The purpose of these provisions is to ensure that the affected Party has a meaningful opportunity to preserve their confidentiality interests in the Court from which the subpoena or court order issued.

**9. <u>A Non-Party's Protected Material Sought To Be Produced In This Litigation</u>**

The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by a Non-Party in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in their possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from the Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in their possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in the Court of the Protected Material.

**10. <u>Unauthorized Disclosure of Protected Material</u>**

If a Receiving Party learns that, by inadvertence or otherwise, they have disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use their best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. <u>Inadvertent Production of Privileged or Otherwise Protected Material</u>**

When a Producing Party gives notice to the Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d), the Parties agree that the inadvertent disclosure of a communication or information covered by the attorney-client privilege or

attorney work product protection shall not effectuate a waiver of the privilege.

**12. Miscellaneous**

**12.1 Right to Further Relief.** Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

**12.2 Right to Assert Other Objections.** By stipulating to the entry of this Stipulated Protective Order no Party waives any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

**12.3 Filing of Protected Material.** Without advance written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with E.D. Cal. Local Rule 141 and/or 141.1, to the extent applicable.

**13. <u>"CONFIDENTIAL" Information and Items Already Produced.</u>**

Any information, documents, or items designated as "CONFIDENTIAL" and already produced shall be subject to the terms of this Stipulated Protective Order.

**14. <u>Final Disposition</u>**

Within sixty (60) days after the final disposition of this action, as defined in Paragraph 4 ("Duration"), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used herein, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Paragraph 4 ("Duration").

**IT IS SO STIPULATED,** THROUGH COUNSEL OF RECORD.

DATED: August 17, 2026

**CROWELL & MORING, LLP**

By: */s/ Carol B. Lewis*
CAROL B. LEWIS
*Attorney for Defendants, Blue Cross and Blue Shield of Nebraska, Inc. and The Scoular Company Health Benefits Plan*

DATED: August 17, 2026

**DREYER BABICH BUCCOLA WOOD CAMPORA, LLP**

By: */s/ William R. Finkle*
WILLIAM R. FINKLE
*Attorney for Plaintiff Teagan Briggs*

**ATTESTATION**

Pursuant to Local Civil Rule 131, I hereby attest that William R. Finkle, on whose behalf this filing is jointly submitted, concurs in this filing's content and has authorized me to file this document.

DATED: August 17, 2026

**CROWELL & MORING, LLP**

By: */s/ Carol B. Lewis*
CAROL B. LEWIS

PURSUANT TO STIPULATION,

IT IS SO ORDERED.

Dated: August 18, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, __________________________ [print or type full name], of __________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on ____________________, ______ in the case of *Teagan Briggs v. The Scoular Company Health Benefits Plan and Blue Cross Blue Shield of Nebraska, Inc.*, Case No. 2:26-cv-00399-TLN-JDP. I agree to comply with and to be bound by all the terms of the Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of such Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of the litigation.

I hereby appoint __________________________ [print or type full name] of __________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Date: ________________________________________

City and State where sworn and signed: ___________________________________

Printed Name: _________________________________

Signature: ____________________________________